UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   ANGELA DIANE NEWNAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: CIV-15-661-W |
| v. | ) | (*formerly Oklahoma County Case No.:* |
| | ) | *CJ-2015-2841*) |
| | ) | |
| (2)   PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company ("Progressive"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-5**.

The removal of this case to federal court is based on the following:

### INTRODUCTION

1.  Plaintiff, Angela Diane Newnam, ("Plaintiff"), was involved in an automobile accident with non-party Crystal Mantle ("Mantle") on October 9, 2012. (*See* Petition, ¶¶ 1-2, **EXHIBIT 2**; Official Oklahoma Traffic Collision Report, **EXHIBIT 6**.)

2.  Plaintiff claims that as a result of the subject accident she suffered severe personal injuries. (*See* Petition, ¶ 1, **EXHIBIT 2**.)

3.	Plaintiff asserts that the subject accident was a result of Mantle's negligence. (*See* Petition, ¶ 4, **Exhibit 2**.)

4.	On June 16, 2014, Plaintiff and her husband filed suit against Mantle in the District Court for Oklahoma County, State of Oklahoma. (*See* Petition, Oklahoma County Case No. CJ-2014-3442, **Exhibit 7**.)  Plaintiff and her husband claimed damages in excess of $75,000.00.  (*See* Petition, Oklahoma County Case No. CJ-2014-3442, ¶ 8, **Exhibit 7**.)

5.	On March 3, 2015, Plaintiff and her husband dismissed their lawsuit against Mantle without prejudice. (*See* Dismissal Without Prejudice, Oklahoma County Case No. CJ-2014-3442, **Exhibit 8**.)

6.	Approximately two months later, or on May 19, 2015, Plaintiff filed the present suit asserting a claim for uninsured/underinsured motorist ("UM/UIM") benefits from Progressive Northern Insurance Company. (*See generally*, Petition, **Exhibit 2**.)  Plaintiff claims damages in excess of $10,000.00.[1] (*See* Petition, ¶ 8 [sic], **Exhibit 2**.)

---

[1] Plaintiff's Petition does not comply with the stautory pleading requirements set forth in 12 O.S. § 2008.  This statute provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract.  **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).  Plaintiff's failure to comply with the requirements of Oklahoma's Pleading Code is an obvious attempt to avoid the jurisdiction of this Court.  The fact that Plaintiff claimed damages in excess of $75,000.00 in her lawsuit against non-party Crystal Mantel, a non-diverse defendant, only serves as further evidence of this fact.

7. At the time of the subject accident, Plaintiff was insured under a commercial auto insurance policy providing UM/UIM coverage in the amount of $500,000.00 combined single limit. (*See* Declarations Page for Progressive Northern Insurance Company Policy No. 04633531-2, **EXHIBIT 9**.)

8. On March 12, 2014, Plaintiff's counsel sent Progressive a demand letter asserting Plaintiff's damages "clearly exceed[ed] the liability coverage of $100,000.00 and therefore the UM limits [of $500,000.00] should be tendered." (*See* Correspondence from G. Bachman to L. Riley, dated March 12, 2014, **EXHIBIT 10**.)

9. On September 17, 2014, Plaintiff's counsel sent a second settlement demand asserting Plaintiff's claim "has a value far in excess of the liability coverage of $100,000.00." (*See* Correspondence from G. Bachman to L. Riley, dated September 17, 2014, **EXHIBIT 11**.)

10. On March 24, 2015, Plaintiff's counsel sent correspondence asserting Plaintiff's special damages alone were $167,400.30. (*See* Correspondence from G. Bachman to T. Diggins, dated March 24, 2015, **EXHIBIT 12**.)

## COMPLETE DIVERSITY EXISTS

11. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466 (2004) (quoting *Kokonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

12. At the time the Petition was filed, there existed no federal question at issue. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

13. However, as of the moment Plaintiff filed her Petition, there existed diversity jurisdiction. (*See generally* Petition, **EXHIBIT 2**.) As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction. It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Official Oklahoma Traffic Collision Report, **EXHIBIT 6**; Petition, Oklahoma County Case No. CJ-2014-3442, ¶ 1, **EXHIBIT 7**.) Plaintiff was not a citizen of the State of Ohio. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

15. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined the term "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 599 U.S. 77 (2010).

16. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Ohio with its "nerve center" or "principal place of business" in Ohio.

Progressive was not a citizen of the State of Oklahoma. (*See* Annual Statement of Progressive Northern Insurance Company, **EXHIBIT 13**.)

17. As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

18. Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00. *See* 28 U.S.C. § 1332. This requirements is also met.

19. It is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). If a plaintiff asserts her damages are less than those required for diversity jurisdiction, removal is proper if the defendant can demonstrate plaintiff's recovery *could* exceed the amount required for diversity. *See Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *See also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

20. In the Tenth Circuit, when the plaintiff's petition does not explicitly set out the amount that the plaintiff seeks to recover, the burden is on the defendant establish the

jurisdictional prerequisite is satisfied. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "The removing party must establish the amount in controversy by a preponderance of the evidence." *Id.* The defendant "may rely on other documents, such as discovery requests, affidavits, or other 'summary-judgment type evidence' that may be in defendant's possession." *Garner v. Equilon Pipeline Co., LLC*, No. 08-CV-0777-CVE-FHM, 2009 WL 661399, at *4 (N.D. Okla. March 12, 2009) (citing *McPhail*, 529 F.3d at 956). "Pre-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes." *Maddox v. Delta Airlines, Inc.*, No. 10-CV-00456-CVE-PJC, 2010 WL 3909228, at *3 (N.D. Okla. Sept. 29, 2010); *see also Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003)(stating "[t]he pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000").

21.    That being said, the Supreme Court recently addressed the standards applicable under Section 1446 to a defendant's notice of removal in the diversity context. *See Dart Cherokee Basin Op. Co. v. Owens*, 135 S. Ct. 547 (2014). In *Dart*, the court held that evidence establishing the amount in controversy is required only when the plaintiff contests, or the court questions, the defendant's statements in the notice of removal. Specifically, the court held:

> When plaintiff invokes federal-court jurisdiction, the plaintiff's amount in controversy allegation is accepted if made in good faith. Similarly *when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court* . . . . If the plaintiff contests the

> *defendant's allegation*, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446 [in 2011], clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged . . . .
>
> In sum, as specified in § 1446(a), *a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.*

*Id.* at 553-54 (internal citations omitted) (emphasis added).

22. Plaintiff's Petition asserts that at the time of the accident, Progressive had issued an applicable automobile insurance policy providing UM/UIM coverage. Plaintiff's Petition also asserts that as a result of the subject accident she has sustained damages in excess of $10,000.00. (*See* Petition, ¶¶ 4 & 8 [sic], **EXHIBIT 2**.)

23. Although Plaintiff's Petition does not explicitly state she intends to seek greater than $75,000.00 from Progressive, Plaintiff's pre-suit demand demonstrates the amount in controversy exceeds $75,000.00. More specifically, Plaintiff's pre-suit demand sought the UM/UIM policy limits of $500,000.00. (*See* Correspondence from G. Bachman to L. Riley, dated March 12, 2014, **EXHIBIT 10**.) The amount in controversy requirement of 28 U.S.C. § 1332 is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

24. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Progressive was served with this lawsuit, through the Oklahoma Insurance Commissioner, on May 27, 2015. (*See* Return of Service Documents, **EXHIBIT 3**.) As such, 30 days have not elapsed since this action became removable to this Court. Additionally, pursuant to the same federal statute one year has not elapsed since the commencement of this action. (*See* Petition, filed on May 19, 2015, **EXHIBIT 2**.)

25. Next, federal statute requires that none of the parties served as defendants be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b). As shown above, Progressive is not a citizen of the State of Oklahoma, the state in which this action was brought.

26. Finally, this action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma. The Western District of Oklahoma includes the County of Oklahoma County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

27. Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive has filed a copy of the Notice

of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gary Bachman, Esquire
Stephen D. Bachman, Esquire
Bryan G. Garrett, Esquire

I hereby certify that on June 17, 2015, I served the same document by hand delivery on the following who is not a registered participant of the ECF system:

Tim Rhodes, Court Clerk
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102

s/ Brad L. Roberson
For the Firm